**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com

*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA AZUCENA VASQUEZ-MORIARTY,<br><br>Plaintiff,<br><br>v.<br><br>BLUESTEM BRANDS, INC. and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 5:19-cv-01358<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, ANA AZUCENA VASQUEZ-MORIARTY, through counsel, WAJDA LAW GROUP, APC, complaining of BLUESTEM BRANDS, INC. and EXPERIAN INFORMATION SOLUTIONS, INC. and stating as follows:

### NATURE OF THE ACTION

1.      This action seeks damages for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

**PARTIES**

4.     ANA AZUCENA VASQUEZ-MORIARTY ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6.     Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7.     BLUESTEM BRANDS, INC. d/b/a Fingerhut ("Fingerhut") is a foreign corporation with its principal place of business in Eden Prairie, Minnesota.

8.     Fingerhut is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

9.     EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a foreign corporation with its principal place of business in Costa Mesa, California.

10.     Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

**FACTUAL ALLEGATIONS**

12.     In June 2013, Plaintiff applied for and was approved for a WebBank/Fingerhut Credit Account ("Plaintiff's account").

13.     From June 2013 to August 2017, approximately $2,089.00 in charges were made by Plaintiff.

*6:17-bk-17180-MH In re Ana Azucena Vasquez-Moriarty*

14.     On August 25, 2017, Plaintiff initiated a bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

15.     The schedules filed by Plaintiff listed Fingerhut on Schedules E/F: Creditors Who Have Unsecured Claims.

16.     Notice by first class mail was sent to Fingerhut by the Bankruptcy Noticing Center on August 30, 2017.

17.     On December 4, 2017, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff under 11 U.S.C. § 727.

18.     Plaintiff's Order of Discharge discharged Plaintiff's personal liability on the indebtedness owed to Fingerhut.

**Inaccurate furnishing/reporting of information**

19.     On or before March 12, 2019, Plaintiff obtained her credit reports from Equifax, Experian, and TransUnion.

20.     Plaintiff discovered that Fingerhut reported Plaintiff's "payment status" as 180 days past due; "balance" as $2,089.00; and "past due amount" as $2,089.00.

21.     Moreover, Plaintiff discovered that Fingerhut did not notate Plaintiff's account as "discharged in bankruptcy."

22.     On March 12, 2019, Plaintiff mailed credit dispute letters to Equifax, Experian and TransUnion by United States Postal Service First Class Mail®.

23.     Plaintiff's credit dispute letters articulated Plaintiff's concerns regarding the inaccuracies pertaining to the reporting of Plaintiff's account.

24.      Plaintiff's dispute letters included Plaintiff's discharge order and requested that the credit reporting agencies investigate Fingerhut's inaccurate reporting.

25.     Equifax received and notified Fingerhut of Plaintiff's dispute by sending Fingerhut an automated consumer dispute verification form ("ACDV").

26.     Experian received and notified Fingerhut of Plaintiff's dispute by sending Fingerhut an ACDV.

27.    TransUnion received and notified Fingerhut of Plaintiff's dispute by sending Fingerhut an ACDV.

28.    Equifax deleted Fingerhut's tradeline.

29.    Experian did not respond to Plaintiff's credit dispute.

30.    TransUnion updated Fingerhut's tradeline to reflect Plaintiff's discharge.

31.    On July 3, 2019, Plaintiff obtained her Experian credit report.

32.    Plaintiff's Experian credit report inaccurately reported Plaintiff's account as follows:

- Payment Status: Past due 180 days;

- Balance: $2,089.00; and

- Past Due Amount: $2,089.00.

33.    Plaintiff's Experian credit report further did not notate Plaintiff's account as "discharged in bankruptcy."

### Impact of inaccurate furnishing/reporting of information

33.    Undeniably, Defendants' inaccurate reporting of Plaintiff's account continues to portray an untruthful and damaging depiction of Plaintiff.

34.    Defendants' continued inaccurate reporting of Plaintiff's account produced a materially misleading impression that Plaintiff remains obligated to Fingerhut for the debt discharged in bankruptcy.

35.    Defendants' continued inaccurate reporting of Plaintiff's account has imposed distrust, distress, as well as frustration on Plaintiff.

36.    Defendants' continued inaccurate reporting of Plaintiff's account has resulted in anxiety, mental anguish, and the expenditure of time and costs associated with the dispute process.

4

37.     Furthermore, Defendants' inaccurate reporting of Plaintiff's account has frustrated Plaintiff's ability to regain control of her credit standing and creditworthiness – thus denying Plaintiff an opportunity to take advantage of credit opportunities.

38.     Plaintiff has been forced to file this case in order to compel Defendants to report Plaintiff's account accurately.

## CLAIMS FOR RELIEF

**Count I:**
**Fingerhut's violation(s) of 15 U.S.C. § 1681 *et seq.***

39.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40.     The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.     Fingerhut's failure to conduct an investigation**

41.     15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A)     Conduct an investigation with respect to the disputed information;

(B)     Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(C)     Report the results of the investigation to the consumer reporting agency;

(D)     If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)     If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any

5

reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i)     Modify that item of information;

(ii)    Delete that item of information; or

(iii)   Permanently block the reporting of that item of information.

42.     Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Fingerhut received Plaintiff's credit dispute letters from Equifax, Experian and TransUnion.

43.     Fingerhut violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

44.     Fingerhut violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax, Experian and TransUnion.

45.     Had Fingerhut conducted a reasonable investigation to determine whether the disputed information was inaccurate, Fingerhut would have discovered that Plaintiff's account was discharged in bankruptcy; and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

46.     Fingerhut violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax, Experian and TransUnion.

47.     Fingerhut violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

48.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

(A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

49.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

50.     Fingerhut's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.      finding Fingerhut in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.      awarding any actual damages to Plaintiff as a result of Fingerhut's violations;

C.      awarding any additional damages to Plaintiff, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.      awarding any punitive damages to Plaintiff, as the Court may allow;

E.      awarding the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

## Count II
## Experian's violation(s) of 15 U.S.C. § 1681 *et seq.*

51.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.      Experian's  failure to follow reasonable procedures**

52.     Section 1681e(b) requires credit reporting agencies such as Experian to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

53.     Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

54.     Upon information and belief, on multiple and numerous occasions, Experian prepared patently inaccurate/incomplete consumer reports concerning Plaintiff.

55.     Upon information and belief, Experian furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

**B.      Experian's failure to conduct a reasonable investigation**

56.     Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in his credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

57.     Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Experian received Plaintiff's dispute.

58.     Experian violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the dispute to Fingerhut before the expiration of the 5-business-day period beginning on the date on which Experian received Plaintiff's dispute.

59.     Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Experian received Plaintiff's dispute.

60.     Experian violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

61.     Experian violated 15 U.S.C. § 1681c(f) by failing to indicate Plaintiff's dispute in each consumer report that includes the disputed information.

62.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

63.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)    any actual damages sustained by the consumer as a result of the failure; and

9

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

64.    Experian's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and wanton and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.    finding Experian in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B.    awarding any actual damages to Plaintiff as a result of Experian's violations;

C.    awarding any additional damages to Plaintiff, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.    awarding any punitive damages to Plaintiff, as the Court may allow;

E.    awarding the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.    awarding such other relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

10

DATED: July 24, 2019

Respectfully submitted,

**ANA AZUCENA VASQUEZ-MORIARTY**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com